

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 9, 2006

**VIA E-MAIL AND FIRST-CLASS UNITED STATES MAIL**

Darlene C. Jackson, Esquire
1220 L Street, N.W.
Suite 100
Washington, D.C. 20005

    Re:    *United States v. Guy Martinez Banks*, Crim. No. 05-391 (EGS)

Dear Ms. Jackson:

    In response to your letter dated July 19, 2006, requesting additional discovery in the above-referenced case, the Government states the following:

**Redacted Data**

    On page 1 of your letter, you request unredacted copies of the DEA Forms 6-6a already disclosed to you. Our review of the unredacted forms shows that the redacted portions of these documents contain information to which you are not entitled at this time. Accordingly, we will not provide the unredacted DEA Forms 6-6a you request.

    **A.**    **DEA Forms 6-6a (Purchase of Cocaine Base on March 10, 2004)
Dated March 13, 2004**

    The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name, confidential source number, and other identifying details; identifiers for your client's co-defendant, Larry Savy Woodard; and a summary of the law enforcement officers' investigative plan.

    We do not believe that the internal file number for this matter and the law enforcement officers' plans for the investigation are discoverable under Federal Rule of Criminal Procedure 16(a)(E), which provides for discovery of documents and objects if (1) the item is material to preparing a defense; (2) the Government intends to use the item in its case-in-chief; or (3) the item was obtained from or belongs to the defendant.

Furthermore, we believe that the Government enjoys a qualified privilege to withhold the identity of the confidential source in this case under *Roviaro v. United States*, 353 U.S. 53 (1957), and therefore decline to identity the confidential source at this time.

Accordingly, we are not providing you with an unredacted copy of this document.

**B.     DEA Forms 6-6a (Purchase of Cocaine Base on March 25, 2004)
         Dated April 5, 2004**

The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name and confidential source number; and identifiers for your client's co-defendant, Larry Savy Woodard. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

**C.     DEA Forms 6-6a (Purchase of Cocaine Base on March 30, 2004)
         Dated April 5, 2004**

The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name and confidential source number; and identifiers for your client's co-defendant, Larry Savy Woodard. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

**D.     DEA Forms 6-6a (Purchase of Cocaine Base on April 6, 2004)
         Dated April 13, 2004**

The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name and confidential source number; and identifiers for your client's co-defendant, Larry Savy Woodard. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

**E.     DEA Forms 6-6a (Purchase of Cocaine Base on April 13, 2004)
         Dated April 21, 2004**

The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name and confidential source number; and identifiers for your client's co-defendant, Larry Savy Woodard. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

 F. **DEA Forms 6-6a (Surveillance on April 21, 2004)**
   **Dated April 21, 2004**

The redacted information in this document consists of the internal file number and identifiers for the confidential source, including its name and confidential source number. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

 G. **DEA Forms 6-6a (Surveillance on May 20, 2004)**
   **Dated May 21, 2004**

The redacted information in this document consists of the internal file number and identifiers for the confidential source, including its name and confidential source number. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

 H. **DEA Forms 6-6a (Purchase of Cocaine Base on April 21, 2004)**
   **Dated April 26, 2004**

The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name, confidential source number, and other identifying details; identifiers for your client's co-defendant, Larry Savy Woodard; and a summary of the law enforcement officers' investigative plan. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

 I. **DEA Forms 6-6a (Purchase of Cocaine Base on May 20, 2004)**
   **Dated June 7, 2004**

The redacted information in this document consists of the internal file number; identifiers for the confidential source, including its name and confidential source number; the confidential source's cell phone number; and identifiers for your client's co-defendant, Larry Savy Woodard. As stated above, we do not believe that you are entitled to any of this information at this time. Accordingly, we are not providing you with an unredacted copy of this document.

**Photographs**

Our predecessor, Assistant United States Attorney Steven B. Wasserman, provided photographs of your client and his co-defendant, Larry Savy Woodard, and photocopies of the prerecorded funds used in each buy in this case with a discovery letter dated March 23, 2006, that was hand-delivered to your predecessor, Assistant Federal Public Defender Rita Bosworth.

We are not aware of any photographs other than those that have been provided to you. In particular, the controlled substances in this case were *not* photographed when they were submitted to the Drug Enforcement Adminstration for analysis.

**Viewing Letters**

    A.    On page 2 of your letter, you request viewing letters for the evidence in this case. The controlled substance exhibits are located at the Drug Enforcement Administration. If you wish to view them, please contact one of us to set up an appointment, and an officer will bring them to our office for you to review.

            The currency recovered from your client is at the Metropolitan Police Department's property facility at Shannon Place. An original viewing letter for this evidence and the PD 81 pertaining to it are enclosed.

    B.    On page 2 of your letter, you also request eleven other items. Below, we summarize the status of discovery with respect to each of these items:

        1.    *Witness statements*

On March 23, 2006, the following witness statements were provided to your predecessor, Assistant Federal Public Defender Rita Bosworth: DEA Forms 6-6a for each buy; undercover officer reports by Officer Vernon M. Young for each buy; and notes taken by Sergeant Curt Sloan with respect to each buy. On June 22, 2006, we mailed to you written verifications of identification, executed by the confidential source and Officer Young, for each buy.

In addition to the materials you already have received, we are in possession of grand jury testimony of certain witness(es) and notes taken by the confidential source regarding the buys in this case. Because these documents are Jencks materials, we have no obligation to disclose them at this time.

        2.    *Arrest and search warrants*

Bench warrants were issued as to both Guy Martinez Banks and Larry Savy Woodard when the indictment in this case was returned on October 27, 2005. Copies of both warrants are available on the Court's Electronic Case Filing system. We are not aware of any search warrants granted in this case.

        3.    *Affidavits in support of arrest and search warrants*

We are not aware of any affidavits in support of arrest and search warrants in this case.

        4.    *Crime scene reports*

Other than the DEA Forms 6-6a that have already been provided to you, we are not aware of any crime scene reports related to this case.

        5.    *Viewing letter for latent fingerprints*

We are not aware of any latent fingerprints recovered in this case.

6. *PD 698*

We are not aware of any PD 698 (Supplementary Evidence Report) related to this case.

7. *Photographs and negatives*

We are not aware of any photographs other than those already provided to you taken in connection with this case.

8. *Cell phone records*

We are in possession of cell phone records showing calls made from the confidential source to your client and/or his co-defendant, Larry Savy Woodard. Copies of these records are enclosed. The name and telephone number of the confidential source, as well as data regarding calls unrelated to this case, have been redacted.

9. *Audio or video tapes*

Videotapes depicting five of the six buys charged in the indictment were enclosed with the Government's March 23, 2006 discovery letter. The remaining buy, which took place on March 20, 2004 (Count Six of the Indictment) was not videotaped because of a mechanical malfunction. Other than the audio portion of these videotapes, we are not aware of any audio recordings related to this case.

10. *Chain of custody records*

Each DEA Form 6a contains a section entitled "Custody of Evidence" that sets forth the chain of custody for the evidence referenced in that particular document. Please refer to this section for chain of custody information.

11. *Recorded documents*

We are unclear as to what you mean by your request for "all recorded documents . . . including, but not limited to, documents filed in other associated jurisdictions." If you would care to clarify it, we would be happy to respond.

**Scientific Examinations**

On page 2 of your letter, you request "all supporting documents associated with the DEA Form 7 in all controlled substance exhibits." Enclosed for each of the controlled substance exhibits in this case are a copy of the results of the DEA's analysis, the DEA-7 form, and the chemist's notes.

***Brady* Materials**

On page 2 of your letter, you state: "Due to the delay in the indictment process in this case, the defense requests the immediate production of all *Brady* material." The Government is not aware

of any *Brady* material at this time. If the Government becomes aware of *Brady* material, you will be notified in writing.

One page 3 of your letter, you also request copies "of all grand jury transcripts of witness testimony favorable to the defense" and any "statements made by witnesses prior to or after appearing before the grand jury containing *Brady* material." As stated above, the Government is not aware of any *Brady* materials at this time.

### *Giglio* and *Lewis* Information

On page 3 of your letter, you state: "Although you have no obligation at this point to provide *Giglio* and *Lewis* information, the defense requests that you turn any impeachment information over to the defense *now* to avoid delays at trial." You are correct that the Government is not obligated to disclose *Giglio* and *Lewis* information for its witnesses at this time. Indeed, with the trial date in this case still some three months away, the Government has not made a final decision as to which witnesses it will call at trial, and does not expect to make such a determination until shortly before trial. The Government intends to disclose *Giglio* and *Lewis* information relevant to a particular witness no later than forty-eight hours before that witnesses's expected testimony.

We understand that the Government's discovery obligations are ongoing and will provide you with any additional discovery if we come into possession of it. In addition, we renew our request for discovery from you pursuant to Federal Rule of Criminal Procedure 16(b).

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

By: _____
DENISE M. CLARK
Assistant United States Attorney

_____
JESSIE K. LIU
Assistant United States Attorney

Enclosures

cc:   James W. Rudasill, Esquire