UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Case No: 1:05-cr-391 |
| : | |
| : | Judge Sullivan |
| V. : | |
| : | |
| Guy Banks : | |

## MOTION FOR SEVERANCE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Guy Banks, through counsel, respectfully request this Court pursuant to the Federal Rules of Criminal Procedure, to sever offenses.

In support of this motion, counsel states as follows:

1. Mr. Guy Banks was arrested on or about March 21, 2006 and charged with drug violations as follows: 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(iii); and 18 U.S.C. §2. He is currently on his own personal recognizance.

2. Mr. Banks was indicted on October 27, 2005 and subsequently arrested thereafter along with the co-defendant, Larry Savy Woodard who faces similar charges.

3. The trial is now set for November 6, 2006. At this the time, there exists irreconcilable defenses among the defendant and the co-defendant in this case.

4. **Rule 14** requires that the defendants be severed because Mr. Banks can be unduly prejudiced by the testimony and evidence against him.

1

### *I. Rule 14 Requires Non-Joinder of Defendants*

Assuming *arguendo* that Rule 8(b) permits joinder of the defendants, non-joinder of these defendants will be required by **Rule 14**. **Rule 14** provides for relief from prejudicial joinder, and requires severance when there is a:

> "clear and substantial contradiction between [co-defendant'] defenses," causing inherent irreconcilability between them, and ....the irreconcilability creates a danger or risk that the jury will draw an improper conclusion from the existence of the conflicting defenses alone that both defendants are guilty."

In this case, Mr. Banks would be severely prejudiced because "at least one defendant is assuredly lying and, for that reason, there is a danger that the jury will believe both are lying." *Ready v. United States,* 445 A.2d 982, 986 (D.C. 1982).

5.      Nor is the significant danger to Mr. Banks' right to a fair trial is outweighed here "by the interest of economy and expedition in judicial administration." Of course, "[b]ecause the goal of the judicial process is not to decide cases as quickly and inexpensively as possible', "no defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several [offenses] in one trial rather than in a protracted multiple trial." ***United States v. Boscia,*** 573 F.2d 827, 833 (3rd Cir. 1978). Assuming, that there is some cognizable interest in judicial administration which might be served by joining offenses, the interest pales in comparison to the magnitude of the prejudice that Mr. Banks would suffer if both defendants are joined.

WHEREFORE, for these and such other reasons as may appear to the Court, Mr. Banks respectfully requests that his Motion for Severance be granted.

DATED: September 18, 2006
D.C. Bar Number: 445931

Respectfully submitted,

Darlene C. Jackson
Counsel for Defendant
1220 L Street, N.W., Suite 100
Washington, D.C.  20005
202-639-0440

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was electronically filed on this 18th day of September, 2006 to: Jessie Liu jessie.k.lui@usdoj.gov; James W. Rudasill, Jr rudasiljr7@aol.com.; .

_/s/_____
Darlene C. Jackson

3