UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NO.  05-391(EGS) |
| GUY MARTINEZ BANKS | : | |
| | : | |
| and | : | |
| | : | |
| LARRY SAVY WOOODARD | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b).  The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

Both Defendants are charged in a ten count indictment with six counts of Distribution of Cocaine Base and Aiding and Abetting, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, § 2.  Defendant Larry Savy Woodard is also charged with four counts of Unlawful Use of a Communication Facility, in violation of Title 21, United States Code, § 843(b).

The indictment arose from a series of six separate controlled purchases of cocaine base. On each occasion, Defendant Larry Savy Woodard would first have telephone contact with a cooperating witness, with whom Defendant Woodard would arrange to meet, along with an undercover Metropolitan Police officer, to conduct a drug transaction.  On each occasion,

Defendant Woodard arranged for Defendant Guy Martinez Banks to meet him at a pre-designated location. Then, Defendant Woodard would either meet with the cooperating witness and the undercover officer at the pre-designated location and call Defendant Banks to meet them, or Defendant Woodard would first meet with Defendant Banks and wait for the undercover officer and the cooperating witness to arrive.

On the first four of the occasions, Defendant Woodard received money from the undercover officer and purchased crack cocaine on behalf of the officer from Defendant Banks. On the fifth occasion, Defendant Woodard introduced the undercover officer directly to Defendant Banks, who sold crack cocaine to the undercover officer. On the sixth occasion, Defendant Woodard arranged for the undercover officer to directly meet with Defendant Banks, where Defendant Banks sold crack cocaine to the undercover officer. All six of these transactions were captured on videotape.

## Other Crimes and Bad Acts

The government seeks to introduce (1) background information showing the longstanding relationship between Defendant Woodard and the cooperating witness; and (2) evidence of a controlled purchase of crack cocaine by the undercover officer from Defendants Woodard and Banks which occurred on March 10, 2004.

The government seeks to introduce the evidence of Defendant Woodard's prior uncharged criminal activity as background information showing his relationship to the cooperating witness, who will testify at trial, and for other non-character purposes. Specifically, before the witness testifies concerning his role in the controlled purchases in this case, the government seeks to elicit the following testimony:

The cooperating witness and Defendant Woodard have known each other since childhood,

and had an employer-employee relationship from about 1997 until the Spring of 2004. In 1996, the cooperating witness began buying and rehabilitating residential and commercial properties. Beginning in early 1997, Defendant Woodard began working for the cooperating witness as a laborer assisting in the rehabilitation of these properties, as well as a "handyman" who would perform odd jobs for the cooperating witness and other associates of the cooperating witness. In payment to Defendant Woodard, the cooperating witness would give Defendant Woodard cash or crack cocaine when a day's work would be completed.

The cooperating witness is aware that Defendant Woodard has had a longstanding crack cocaine habit, and the cooperating witness has acted as Defendant Woodard's supplier of crack cocaine. Moreover, the cooperating witness is familiar with Defendant Woodard's relationship with Defendant Banks. The cooperating witness knows that when he, the cooperating witness, would be unable to supply Defendant Woodard with crack cocaine, Defendant Woodard would buy crack cocaine from Defendant Banks. The cooperating witness has seen Defendant Woodard buy crack cocaine from Defendant Banks in the past.

The government also seeks to introduce evidence that Defendants Woodard and Banks sold crack cocaine to the undercover officer in this case on March 10, 2004, approximately two weeks prior to the first of the six transactions charged in the indictment. Specifically, the government seeks to elicit the following evidence of uncharged conduct:

On March 10, 2004, Defendant Woodard contacted the cooperating witness by telephone and arranged for Defendant Woodard to buy crack cocaine on behalf of the undercover officer from Defendant Banks. At approximately 5:30 p.m. on March 10, 2004, the cooperating witness and the undercover officer picked Defendant Woodard up in their vehicle and drove to the 3700 block of New Hampshire Avenue, N.W. There, the cooperating witness handed Defendant Woodard $120.00

in pre-recorded currency that had been given to the cooperating witness by the undercover officer. Defendant Woodard then walked to a waiting vehicle occupied by Defendant Banks. Defendant Woodard gave Defendant Banks the $120.00, and in exchange, Defendant Banks gave Defendant Woodard 19 ziploc bags of crack cocaine. Defendant Woodard returned and handed the cocaine to the undercover officer. The undercover officer gave Defendant Woodard $10.00 in payment for his role as facilitator. The net weight of the crack cocaine was determined to be 1.5 grams.

## Legal Analysis

Rule 404(b) of the Federal Rules of Evidence provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b).

Rule 404(b) is a rule of inclusion rather than exclusion. See United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("'[A]lthough the first sentence is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance'—for the purpose of proving that a person's actions conformed to his character."). Indeed, the rule prohibits "only that which lacks any purpose but proving character." Id. at 930.

The analysis proceeds in two steps, beginning with the question of relevance. Id. The Court determines whether "the other crime or act [is] relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403." Id.

**I.    Defendant Woodard's Relationship to Cooperating Witness**

Here the government seeks to introduce 404(b) evidence, not to prove Defendant

Woodard's character, but rather as background information to show his relationship with the witness, which is essential to understand and evaluate the evidence of the distributions in this case.

This purpose is permissible under Rule 404(b). This Court has held that evidence which provides necessary background information, explains the relationship between witness and defendant, or shows the nature of a co-conspirator's role in the criminal scheme constitutes a permissible purpose under FRE 404(b), even when that evidence reveals prior criminal activity by the defendant. See, e.g., United States v. Edmonds, 69 F.3d 1172 (D.C. Cir. 1996); see also United States v. Clarke, 24 F.3d 257, 263 (D.C. Cir. 1994) (upholding admission of cooperator's testimony that he had been involved in at least 25 prior drug transactions with the defendants). Edmonds upheld the admission of prior uncharged criminal acts that provided essential background information. There, the defendant was charged with conspiracy to distribute more than fifty grams of cocaine base, and a government witness who was a member of the conspiracy testified that he sold drugs for the defendant "'over a hundred times' during the previous nine years.'" Id. at 1174. The Court of Appeals found the other crimes evidence admissible for the permissible purpose of showing motive, as the government used the evidence to show that defendant was a supplier of the government witness, and not vice versa as the defense contended. As in Edmonds, here the Government is seeking to show why Defendant Woodard engaged in a particular behavior (that is, purchased crack cocaine from Defendant Banks on behalf of the undercover officer, or facilitated the direct contact of the undercover officer with Defendant Banks so that a transaction may be completed), and evidence concerning the prior relationship between Defendant Woodard and the cooperating witness is essential to the explanation of that behavior.

Clarke also involved the admission of 404(b) evidence that provided essential background information about a defendant's relationship to a cooperating witness. In Clarke, defendants were charged with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, and the trial court admitted testimony of a cooperating witness that he had been involved in at least 25 prior drug transactions with the defendant. Clarke, 24 F.3d at 263. The Court of Appeals upheld admission of the testimony, holding that the evidence of the previous drugs transactions was permissible for a number of non-character purposes including: to prove that the defendants intended to act illicitly; that they intended to distribute the cocaine; that they intended to sell the cocaine, not hoard it for personal use; and that the defendant's presence at the scene of the drug sale was not coincidental. Id. at 264-65. "In all of these considerations," the Court stated, "character [was] not what was relevant." Id.

As in Clarke, here the evidence of Defendant Woodard's prior relationship with the cooperating witness provides essential background information and explains the Defendants' presence at each scene of the six transactions—which will be a material issue at trial. At trial, the government's evidence will show that Defendant Woodard arranged to meet with Defendant Banks at particular locations on six occasions. Each of these meetings took place in, or beside a car, lasted only a brief period of time, and resulted in either Defendant Woodard receiving crack cocaine from Defendant Banks and handing the drugs to the undercover officer, or the undercover officer conducting a hand to hand transaction directly with Defendant Banks. Thus, the outcome of the case will depend on whether the jury concludes that Defendant Woodard met with the cooperating witness and the undercover officer each time for a narcotics transaction, or for some other purpose.

Moreover, the background information gives the jury a context in which to view the evidence. For example, the 404(b) evidence explains how the cooperating witness knew that Defendant Woodard would be in a position to buy crack cocaine from Defendant Banks on behalf of the undercover officer, and how he, the cooperating witness, as well as law enforcement officers, became involved in the investigation of the Defendants in the first place.

Regarding the second inquiry of admissibility under Rule 403, here numerous factors show that the probative value of admitting the 404(b) evidence is not "substantially outweighed by the danger of unfair prejudice." See Fed. R. Evid. 403. First, the probative value of the evidence is high—as explained above, it is necessary to understand the evidence in the case. Second, any risk of unfair prejudice is low because the source of the 404(b) information is a cooperating witness with an extensive criminal record, not a law enforcement official. Thus, there is no danger of the jury accepting his testimony without proper scrutiny. Moreover, defense counsel will have ample opportunity to portray the cooperating witness, as the source of 404(b) information, as lacking credibility. Third, the jury will already be hearing testimony from the cooperating witness that the defendants engaged in multiple drug transactions involving serious drug quantities, namely the six transactions mentioned in the indictment. Thus, any prejudice occasioned by the 404(b) evidence will be marginal. Finally, the Court's limiting instructions will even further reduce any risk of unfair prejudice.

## II.    The March 10, 2004, Transaction

In this case, the government must prove that the defendants distributed the crack cocaine "knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently." See Red Book at No. 4.30. The undercover buy involving both defendants on March 10, 2004, is relevant and probative of several central issues:

(1) that the defendants distributed the narcotics on the six occasions charged in the indictment willfully and intentionally, not by accident or inadvertence; and (2) that it was the defendants, rather than someone else, who distributed the narcotics.

Numerous cases establish that evidence of prior or subsequent possession or distribution of narcotics is admissible as 404(b) evidence. United States v. Green, 40 F.3d 1167, 1174 (11th Cir. 1994) (where defendant pleaded not guilty to narcotics conspiracy charge, he made intent a material issue in the case and warranted admission of prior arrest for possession of cocaine); see Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment). As the Court recognized in Moore, 732 F.2d at 991, "the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto . . . " See also Washington, 969 F.2d at 1080-1081 (when defendant was charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. Michael Johnson, et al., 40 F.3d 436 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess); United States v. Jones, 476 F.2d 533, 536-537 (D.C. Cir. 1973) (affirming admission of prior narcotics sale due to similarity of drug sold, location of transaction, and to allow Government to rebut defendant's denial of involvement with narcotics traffic). In this case, therefore, the probative force of the evidence concerning the defendants earlier crime is beyond question.

In contrast to this significant probative value, the danger of unfair prejudice is not enough to exclude the evidence. The law in our Circuit is clear that in balancing the probative nature and prejudice of other crimes, "it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (citation omitted). Here, the probative value of the evidence -- on all of the issues set forth above -- is not substantially outweighed by the prejudice.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 489-610

BY: _____
EDWARD A. O'CONNELL
DENISE M. CLARK
Assistant United States Attorneys
555 Fourth Street NW
Washington, DC 20530
(202) 514-6997