UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CRIMINAL NO. 05-391 (EGS) |
| v. : | **FILED** |
| GUY MARTINEZ BANKS, : | NOV 9 2006 |
| Defendant. : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

## GOVERNMENT'S STATEMENT OF OFFENSE

If this case were to go to trial, the government's evidence would show beyond a reasonable doubt that:

1. On March 10, 2004 at 5:30 p.m., in the 3700 block of New Hampshire Avenue, N.W., Washington, D.C., the co-defendant, Larry Savy Woodard walked to a waiting vehicle occupied by defendant Guy Martinez Banks. Mr. Woodard gave defendant Banks $120.00 in pre-recorded police funds. In exchange, defendant Banks gave Mr. Woodard 19 ziploc bags of crack cocaine. Mr. Woodard provided the cocaine to undercover Metropolitan Police Officer Vernon Young. The net weight of the crack cocaine was determined to be 1.5 grams.

2. On March 25, 2004 at around 6:00 p.m. defendant Banks drove to the area near the intersection of Longfellow Street and Kansas Avenue, N.W. Mr. Woodard walked to defendant Banks' car and handed defendant Banks $150.00 in pre-recorded police funds. In exchange, defendant Banks handed Mr. Woodard 27 ziploc bags of crack cocaine, which Mr. Woodard provided to Officer Young. The net weight of the crack cocaine was determined to be 1.5 grams.

3. On March 30, 2004 at around 6:00 p.m., defendant Banks drove to a location near the

intersection of Longfellow Street and Kansas Avenue, N.W.. Mr. Woodard walked to defendant Banks' car and gave Banks $200.00 in pre-recorded police funds. In exchange, defendant Banks handed Mr. Woodard 37 ziploc bags of crack cocaine, which Mr. Woodard provided to Office Young. The net weight of the crack cocaine was determined to be 2.4 grams.

4. On April 6, 2004 at around 6:45 p.m., defendant Banks and Mr. Woodard were waiting near the intersection of Longfellow Street and Kansas Avenue N.W., when Officer Young arrived. Mr. Woodard exited defendant Banks' car and walked to Officer Young, who handed Mr. Woodard $300.00 in pre-recorded police funds. Mr. Woodard walked back to defendant Banks' car and handed defendant Banks the $300.00. Defendant Banks provided Mr. Woodard with 50 ziploc bags of crack cocaine, which Mr. Woodard later provided to Officer Young. The net weight of the crack cocaine was determined to be 3.5 grams.

5. On April 13, 2004 at around 5:45 p.m., defendant Banks and Mr. Woodard were waiting in the area of Longfellow Street and Kansas Avenue, N.W., when the undercover officer arrived. Mr. Woodard exited defendant Banks' car and walked to Officer Young, who handed Mr. Woodard $550.00. Mr. Woodard walked back to Banks' car, handed defendant Banks the $550.00 and received from defendant Banks 100 ziploc bags of crack cocaine. Mr. Woodard returned and handed the crack cocaine to Officer Young. The net weight of the crack cocaine was determined to be 6.5 grams.

6. On April 21, 2004 at approximately 6:33 p.m., near the intersection of Longfellow Street and Kansas Avenue N.W., Officer Young and Mr. Woodard got into the car that defendant Banks was driving, and defendant Banks drove them around the block. During that trip, defendant Banks handed Officer Young 201 ziploc bags of crack cocaine in exchange for $1100.00. The net weight of the crack cocaine was determined to be 13.9 grams.

7.      On May 20, 2004 at approximately 5:45 p.m., defendant Banks arranged to meet Officer Young and Woodard near the intersection of Third and Jefferson Streets N.W.. Once the parties arrived at the location, Officer Young entered defendant Banks' vehicle. Defendant Banks gave Officer Young a large plastic bag that contained 140 smaller ziploc bags of crack cocaine as well as larger loose rocks of crack cocaine. Officer Young paid Banks $1200.00 for the crack cocaine. The net weight of the crack cocaine was determined to be 14.6 grams.

8.      On each occasion, Officer Young conducted field tests on the purchased crack cocaine. Each field test indicated that the substances purchased were cocaine base. Moreover, all the drugs were submitted to the Drug Enforcement Agency's laboratory for testing and were confirmed to be cocaine base.

The foregoing proffer of evidence is not intended to be an exhaustive statement of all facts known by the defendant relating to each incident or as to other matters relevant to the above-described enterprise. The foregoing proffer of evidence is only a limited statement of facts necessary to support the defendant's plea of guilty.

>                              JEFFREY A. TAYLOR
>                              UNITED STATES ATTORNEY
>                              D.C. BAR NO. 489-610
>
> BY:   _/s/_____
>                              EDWARD A. O'CONNELL
>                              DENISE M. CLARK
>                              Assistant United States Attorneys
>                              555 Fourth Street NW
>                              Washington, DC 20530
>                              (202) 514-6997

## DEFENDANT'S ACCEPTANCE

have read this Statement of Offense and have discussed it with my attorney, Darlene C. Jackson, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 11-9-06

_____
GUY MARTINEZ BANKS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 11/09/06

_____
DARLENE C. JACKSON, Esquire
Attorney for the Defendant