## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 05-391-01 (EGS) |
| | : | |
| GUY BANKS | : | |

### DEFENDANT'S MEMORANDUM OF LAW IN AID OF SENTENCING

Defendant, Guy Banks, through undersigned counsel, Darlene C. Jackson, respectfully submits this Memorandum of Law in Aid of Sentencing in light of our Court of Appeals' recent decision in *United States v. Pickett*, (D.C. Cir. 2/13/07). The sentencing hearing in this matter is scheduled for May 30, 2007.

### BACKGROUND

On November 9, 2006, Defendant Guy Banks pled guilty to one count of unlawful distribution of 5 grams or more of cocaine base and aiding and abetting. As part of a plea agreement, the defendant acknowledged that he was accountable for 42.8 grams of cocaine base. Mr. Banks received a 3-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1(a) & (b), and the government agreed that he should be sentenced under the "Safety Valve" provision, pursuant to U.S.S.G. § 5C1.2. Therefore, his adjusted base offense level is 25. Due to his minimum criminal history, the guideline range is 57 to 71 months. *See* PSI, page 13, ¶¶ 67.

When Mr. Banks appeared in Court for sentencing on February 21, 2007, the Judge requested that all counsels file a Memorandum of Law in light of *United States v.*

*Pickett* (D.C. Cir. 2/13/07).  In a recent decision, the United States Court of Appeals for the District of Columbia Circuit issued its opinion in *United States v. Pickett, (supra)*. *Pickett* specifically addressed use of the guidelines in sentencing defendants who are charged with cocaine base offenses, such as Guy Banks.  Hence, the defendant filed his memorandum of law accordingly.

## DISCUSSION OF UNITED STATES v. PICKETT

In *United States v. Pickett*, the Court of Appeals was asked to decide whether or not the Court was in error if the sentencing judge chose to "ignore how the 100-to-1 ratio affects [the judge's consideration of the factors set forth in 18 U.S.C. § 3553(a)]...in crack cocaine cases." *Pickett*, at 2.  Pickett was then sentenced to 121 months, a sentence at the bottom of the Guildeline range.

Not consistent with the Supreme Court's ruling in *United States v. Booker, 543 U.S. 220 (2005)*, the sentencing judge declined to rule on the crack/powder disparity. His refusal was based on the rationale that one or more of his colleagues had already decided the issue, and that the matter would be decided by the Court of Appeals.

As the Court of Appeals reviewed the history of the United States Sentencing Guidelines in its opinion in Pickett, it explained the eventual adoption of the 100-to-1 crack/powder disparity in the Guidelines.  Apparent to the Court, it acknowledged that after the Sentencing Commission issued its quantity-based approach drug Guideline, "it...became clear that with respect to cocaine, the Guideline's use of the 100-to-1 ratio between powder and crack cocaine raised significant problems." *Pickett*, at 6 (citation omitted).

The court further recognized that "[a]s a result of the Guidelines, 'the sentencing

guideline range (based solely on drug quantity) is three to over six times longer for crack

cocaine offenders than powder cocaine offenders with equivalent drug quantities...'" *Id.*,

*quoting* U.S. Sentencing Comm'n, Cocaine and Federal Sentencing Policy 11 (May 2002)

("2002 Report").

Citing the 2002 Report of the Sentencing Commission, the Court argued that

"[w]ith respect to all drug trafficking offenses, the emphasis on drug quantity distorted

the importance of that element as compared with other offense characteristics." *Id.* It

continued to cite the 2002 Report of the Sentencing Commission for the Court agreed

that "[t]he current penalty structure...greatly overstates the relative harmfulness of crack

cocaine." *Id.*, citing the 2002 Report at 93.

After the Court's review of the subsequent history of the issue, it examined the

precise questions at issue: whether a sentencing judge may ignore the crack/powder

disparity, and whether the judge should presume that the Guideline applicable to a

particular crack offender is reasonable. In the Court's words, "[T]he question in this

appeal is therefore whether the district court committed a legal error when it declined to

consider the 100-to-1 ratio perpetrated in Section 2D1.1 of the Guidelines and the

problems it raises in sentencing crack cocaine dealers like Pickett." *Pickett,* at 9.

The Court noted that while

> § 3553(a) instructs sentencing courts to consider all these
> "multiple and vague factors" (citation omitted), neither the
> Supreme Court nor the statute assigns any weight or ranking
> to the factors. So how is a court to determine how much
> influence the factor we are concerned with — the advisory-only
> Guideline range — should have in sentencing a particular defendant?
> One might answer that the Guideline range should be considered
> presumptively reasonable. But that would be to confuse the standard
> this court and several others have adopted for appellate review
> (footnote omitted) with the standard to be applied by the sentencing
> court. **A sentencing judge cannot simply presume that a Guidelines**

**sentence is the correct sentence.** To do so would be to take a large step
in the direction of returning to the pre-*Booker* regime.

*Pickett*, at 11-12 (emphasis added).

The court concluded that "[A]fter *Booker* (cite omitted), a court is 'no longer tied

to the sentencing range indicated in the Guildeines", (citing Cunningham, infra).

Therefore, it ruled that a court may not ignore the crack/powder disparity, and that the

"correct [view] is to evaluate how well the applicable Guideline effectuates the purposes

of sentencing enumerated in § 3553(a)." *Id.*

The Sentencing Commission itself recommended, in 1995, that the crack/powder

difference be eliminated. *See* 60 Fed. Reg. 25,074 (May 10, 1995). Congress rejected the

Commission's proposal, and asked the Commission to study the matter further. *See* Pub.

L. No. 104-38, 109 Stat. 334 (Oct. 30, 1995). Two years later, the Commission came

back with the recommendation of a 5-to-1 ratio. U.S. Sentencing Comm'n, Cocaine and

Federal Sentencing Policy 9 (Apr. 1997). Despite the Commission's recommendation,

Congress did not amend the law.

In 2002, the Commission recommended a 20-to-1 ratio. *See* 2002 Report at A1-

A10. Again, Congress took no action on that recommendation. The same result

obtained in 2004: the Commission recommended a change to the ratio, and Congress

took no action.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220

(2005), however, the guidelines became "effectively advisory." *Id.* at 245. As such, the

guidelines were thereafter merely one of many factors to be considered at sentencing.

*Pickett*, at 9, and a court was "no longer...tied to the sentencing range indicated in the

Guidelines," *Cunningham v. California*, No. 05-6551 (U.S. Jan. 22, 2007).

Thus, after *Booker*, "a sentencing court in any one case will be considering many of the same factors the Sentencing Commission took into account in formulating the Guidelines for all cases." *Pickett*, at 9. **"One, but only one**, of the factors sentencing courts must also consider is the sentencing range under the Guidelines." *Pickett*, at 10.

The essential holding of *Pickett*, however, is that the sentencing range established in the Guidelines is *not presumptively reasonable*, and is but *one of many factors* this Court must consider when determining a sentence that is "sufficient but not greater than necessary" to achieve the goals of 18 U.S.C. § 3553(a).

Moreover, the Guidelines, according to the Commission itself, overstate the seriousness of offenses committed by non-violent, as opposed to violent, crack offenders. Hence, disparity exists here as well. As a result, the Court noted that "Section 2D1.1's use of the 100-to-1 ratio and its quantity-based approach threatens 'public confidence in the federal courts' because it has had a disproportionate impact on African-American offenders, who in 2002 made up eighty-one percent of those sentenced for trafficking crack." *Pickett*, at 13 (citing 2004 Report at 131,135).

Other courts have determined that the way to rationally correct this disparity is to apply a crack/powder ratio of 20-to-1. This is especially true when sentencing a defendant with no history of violence, because § 2D1.1 of the Guidelines treats "all crack cocaine offenders as if they committed [harmful conduct such as violence], even though most crack cocaine offenders in fact had not." *Pickett*, at 13 (citing 2002 Report). Thus, if for no other reason than the Guidelines' presumption of violence with respect to all crack offenders, a sentencing court should not, when sentencing a "crack defendant" with no history of violence or of weapons possession whatsoever, conclude that the standard

crack cocaine Guideline range is rational or appropriate. Rather, a ratio of 20-to-1, while still too high in the defendant's view, realistically distinguishes between violent and non-violent crack offenders at the very least.

In Mr. Banks' case, a 20-to-1 disparity would, based on drug quantity, yield a preliminary offender score of less than his adjusted offense score of 25.

Considering Mr. Banks minimal criminal history, his sentencing range (under the advisory-only Guidelines) becomes less than the current Guideline range of 57 to 71. The Defendant's safety valve eligibilty permits a sentence below 57 months. Any sentence below a 57-month sentence falls well within the more appropriate range determined by a more rational 20-to-1 ratio. And because this Court is not bound by the Guidelines at all, it may wish to sentence Mr. Banks to even less time.

## CONCLUSION

*Pickett* ultimately held that "it seems to us beyond a doubt that the district court erred in refusing to evaluate whether sentencing Pickett in accordance with Guidelines § 2D1.1, and its 100-1 ratio, would effectuate the purposes of sentencing set forth in §3553 (a)."

For the reasons set forth in defendant's Memorandum of Law in Aid of Sentencing, Guy Banks asks this Court to sentence him to a period of incarceration that the Court finds is no greater than necessary to accomplish the goals enumerated in § 3553 (a).

Respectfully submitted,


_____/s/_____
Darlene C. Jackson
Bar No. 445931

120 L Street, N.W.
Washington, D.C.  20005
(202) 639-0440
attydcj@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed, by ECF, on this 21st day of March, 2007 to: Edward O'Connell edward.o'connell@usdoj.gov; James W. Rudasill, Jr. rudasiljr7@aol.com:

_____/s/_____

Darlene C. Jackson