UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 05-391-01 (EGS) |
| : | |
| GUY BANKS : | |

### DEFENDANT'S AMENDED MEMORANDUM OF LAW IN AID OF SENTENCING

Defendant, Guy Banks, through undersigned counsel, Darlene C. Jackson, respectfully submits this Amended Memorandum of Law in Aid of Sentencing in light of our United States Supreme Court's recent decision in *Derrick Kimbrough v. United States,* 552 U.S.____(2007). The sentencing hearing in this matter is scheduled for March 5, 2008.

### BACKGROUND

On November 9, 2006, Defendant Guy Banks pled guilty to one count of unlawful distribution of 5 grams or more of cocaine base and aiding and abetting. As part of a plea agreement, the defendant acknowledged that he was accountable for 42.8 grams of cocaine base. Mr. Banks received a 3-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1(a) & (b), and the government agreed that he should be sentenced under the "Safety Valve" provision, pursuant to U.S.S.G. § 5C1.2. Therefore, his adjusted base offense level is 25. Due to his minimum criminal history,

the guideline range is 57 to 71 months.  See PSI, page 13, ¶¶ 67.

When Mr. Banks appeared in Court for sentencing on February 21, 2007, the Judge requested that all counsels file a Memorandum of Law in light of *United States v. Pickett* (D.C. Cir. 2/13/07).  In a recent decision, the United States Court of Appeals for the District of Columbia Circuit issued its opinion in *United States v. Pickett, (supra)*. *Pickett* specifically addressed use of the guidelines in sentencing defendants who are charged with cocaine base offenses, such as Guy Banks.

Since then, the Sentencing Commission adopted a modest change in the Guidelines on November 1, 2007 that reduced the base offense level associated with each quantity of crack cocaine by two levels.  Hence, crack offenders are now sentenced between two and five times longer than those sentenced for equal amounts of powder. *(See Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-28572 (2007).*  While the amendment to the Guidelines ratios deviate from the 100-to- 1 statutory ratio, the Guidelines now reflect crack/powder ratios that varies from 25 to 1 and 80 to1 depending on the different offense levels.

Notwithstanding the ruling in *United States v. Pickett*, the Court of Appeals was asked to decide whether or not the Court was in error if the sentencing judge chose to "ignore how the 100-to-1 ratio affects [the judge's consideration of the factors set forth in 18 U.S.C. § 3553(a)]…in crack cocaine cases." *Pickett*, at 2.  Pickett was then sentenced to 121 months, a sentence at the bottom of the Guildeline range.

Not consistent with the Supreme Court's ruling in *United States v. Booker, 543 U.S. 220 (2005)*, the sentencing judge declined to rule on the crack/powder disparity.

His refusal was based on the rationale that one or more of his colleagues had already decided the issue, and that the matter would be decided by the Court of Appeals. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), however, the guidelines became "effectively advisory." *Id*. at 245. As such, the guidelines were thereafter merely one of many factors to be considered at sentencing, *Picket* at 9, and a court was "no longer…tied to the sentencing range indicated in the Guidelines," *Cunningham v. California*, No. 05-6551 (U.S. Jan. 22, 2007).

Thus, after *Booker*, "a sentencing court in any one case will be considering many of the same factors the Sentencing Commission took into account in formulating the Guidelines for all cases." *Pickett*, at 9. "**One, but only one**, of the factors sentencing courts must also consider is the sentencing range under the Guidelines." *Pickett*, at 10.

The essential holding of *Pickett*, however, is that the sentencing range established in the Guidelines is ***not presumptively reasonable***, and is but ***one of many factors*** this Court must consider when determining a sentence that is "sufficient but not greater than necessary" to achieve the goals of 18 U.S.C. § 3553(a). Notwithstanding <u>Picket</u>, the question of whether the crack/cocaine disparity adopted in the Guidelines has been rendered "advisory" by the Court's decision in <u>Booker</u> has divided the Courts of Appeals. Hence, the Supreme Court granted certiorari in <u>Kimbrough</u>.

**DISCUSSION OF DERRICK KIMBROUGH v. UNITED STATES**

In the Kimbrough case, the Defendant pled guilty to four counts: conspiracy to distribute crack cocaine and powder cocaine; possession with the intent to distribute more than 50 grams of crack cocaine; possession with the intent to distribute powder cocaine;

and possession of a firearm in furtherance of a drug-trafficking offense. Kimbrough's plea subjected him to an aggregate sentence of 15 years to life in prison; 10 years to life for the three drug offenses, plus a consecutive of 5 years to life for the firearm offense. With an offense level of 34 and a criminal history category of II, Kimbrough guideline range leveled off to 168 to 210 months for the drug charges and an additionally 60 months for the firearm offense. His final advisory guideline range leveled off to 228 to 270 months, or 19 to 22.5 years.

The District Court acknowledged that a sentence in that range would have been "greater than necessary" in accordance with the sentencing goal set forth in 18 U.S.C. §3553(a). Pursuant to 18. U.S.C. §3553(a), the court credited the "nature and circumstances" of the offense and the Defendant's "history and characteristics." The court also noted that "the case exemplified the disproportionate and unjust effect that crack cocaine guidelines have in sentencing." Kimbrough, supra. In contrast, Kimbrough's guideline range of 228 to 270 months would have been 97 to 106 for powder cocaine, including the 5-year mandatory minimum for the firearm charge. "Concluding that the statutory minimum sentence was "clearly long enough" to accomplish the objectives handed down in 18 U.S.C. §3553(a)"( Kimbrough, supra), the District Court judge sentenced Kimbrough to 15 years or 180 months in prison, with 5 years of supervised release.

While the Fourth Circuit Court vacated the sentence, it observed that a sentence "outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." *174 Fed. Appx., at*

*799 (citing United States v. Eura, 440 F. 3d 625, 633-634 (CA4 2006).* The U.S. Supreme Court granted certiorari. The issue before the High Court was whether the crack/powder disparity adopted in the U.S. Sentencing Guidelines are now advisory under the Court's ruling in *Booker* (supra) in general. In specific, the issue is whether Kimbrough's sentence was reasonable when considering if the District Court judge abuse his discretion imposing a 15-year sentence supported by a consideration of §3553(a) factors which justified a strong deviation from the Guidelines range.

In Booker, the Court held that the mandatory U.S. Sentencing Guidelines violated the Sixth Amendment of the U.S. Constitution. Under Booker, the cocaine guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. In its decision, the Court noted that "a district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in a particular case, a within Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing, §3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses." Pp. 5-21.

Moreover, the Court advised that the "federal sentencing statute, as modified by Booker, requires a court to give respectful consideration to the Guidelines, but 'permits the court to tailor the sentence in light of other [§3553(a)] concerns as well." 543 U.S. at 245-246. The Court further cautioned that "while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range 'fails properly to reflect

§3553(a) considerations.'" *Rita v. U.S.* at ___(slip. op. at 12). In doing so, "[T]he sentencing judge...has 'greater familiarity with...the individual case and the individual defendant before him than the Commission or the appeals court." He is therefore 'in a superior position to find facts and judge their import under §3553(a)' in each particular case." *(Kimbrough, slip op. at 20, {citing Rita, slip. op. at 18}).*

In considering the District Court's approach in the Kimbrough case, the Supreme Court noted:

> "The District Court began by properly calculating and considering the advisory Guidelines range. It then addressed the relevant §3553(a)(1) factors. First, the court considered "the nature and circumstances" of the crime, see 18 U.S.C. §3553(a)(1), which was an unremarkable drug-trafficking offense. App. 72072 ([T]his defendant and another defendant were caught sitting in a car with some crack cocaine and powder by two police officers–that's the sum and substance of it–[and they also had] a firearm"). Second, the court considered Kimbrough's "history and characteristics." §3553(a)(1). The court noted that Kimbrough had no prior felony convictions, that he had served in combat during Operation Desert Storm and received an honorable discharge from the Marine Corps, and that he had a steady history of employment." Kimbrough, slip at 21, 22.

Hence, the Supreme Court found that the District Court applied the appropriate considerations at sentencing and therefore, "committed no procedural error." (Citing Gall v. United States, at 17.

Other courts have determined that the way to rationally correct this disparity is to apply a crack/powder ratio of 20-to-1. This is especially true when sentencing a defendant with no history of violence, because § 2D1.1 of the Guidelines treats "all crack cocaine offenders as if they committed [harmful conduct such as violence], even though most crack cocaine offenders in fact had not." *Pickett*, at 13 (citing 2002 Report). Thus,

if for no other reason than the Guidelines' presumption of violence with respect to all crack offenders, a sentencing court should not, when sentencing a "crack defendant" with no history of violence or of weapons possession whatsoever, conclude that the standard crack cocaine Guideline range is rational or appropriate. Rather, a ratio of 20-to-1, while still too high in the defendant's view, realistically distinguishes between violent and non-violent crack offenders at the very least.

In Mr. Banks' case, a 20-to-1 disparity would, based on drug quantity, yield a preliminary offender score of less than his adjusted offense score of 25. Considering Mr. Banks minimal criminal history, his sentencing range (under the advisory-only Guidelines) becomes less than the current Guideline range of 57 to 71. The Defendant's safety valve eligibility permits a sentence below 57 months. Any sentence below a 57-month sentence falls well within the more appropriate range determined by a more rational 20-to-1 ratio. And because this Court is not bound by the Guidelines at all, it may wish to sentence Mr. Banks to even less time.

## CONCLUSION

For the reasons set forth in defendant's Amended Memorandum of Law in Aid of Sentencing, Guy Banks asks this Court to sentence him to a period of incarceration that the Court finds is no greater than necessary to accomplish the goals enumerated in § 3553(a).

                                                Respectfully submitted,

                                                _____/s/_____

        Darlene C. Jackson
        Bar No. 445931
        120 L Street, N.W.
        Washington, D.C. 20005
        (202) 639-0440
        attydcj@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed, by ECF, on this 25th day of February, 2008 to: Edward O'Connell edward.o'connell@usdoj.gov; James W. Rudasill, Jr. rudasiljr7@aol.com:

        _____/s/_____
        Darlene C. Jackson