### HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 05-CR-391 |
| | : | |
| vs. | : | SSN: |
| | : | |
| BANKS, Guy Martin z | : | Disclosure Date: December 18, 2006 |

**FILED**

**MAR 5 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____     _____
Prosecuting Attorney                                    Date

#### For the Defendant

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____     _____
Defendant            Date            Defense Counsel        1/9/07
                                                                                 Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **January 01, 2006**, to U.S. Probation Officer **Monica Johnson**, telephone number **(202) 565-1332**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

### FOR THE COURT

By:   Gennine A. Hagar, Acting Chief
       United States Probation Officer

**Receipt and Acknowledgment**                                         Page 2

Upon review of the PSI report prepared by the PSI writer, the defendant and defense counsel categorically disagree with the findings/assertions made in ¶ 25 and ¶ 68 regarding the necessity of a 2 point upward adjustment pursuant to USSG § 3B1.1(c), due to the defendant's role in the criminal activity as an organizer, leader, manager or supervisor under USSG § 5C1.2(a)(4). The defendant therefore does not qualify for the safety valve or receives an upward adjustment.

Although the pre-sentence writer concluded in ¶ 15 that defendant Banks' actions were more culpable than defendant Woodard, those facts do not meet the requirements set forth under USSG § 3B1.1(c) during the appropriate circumstances surrounding this drug activity, to qualify defendant Banks as an organizer, leader, manager or supervisor in the criminal activity under that given circumstance.

Circumstances in this case do not indicate that defendant Banks organized specific drug dealers in specific areas to perform special drug-related duties i.e. deliver, package or sell contraband. Rather, defendant Woodard initiated contact each time with defendant Banks to facilitate the undercover narcotics purchases (buy) conducted by both confidential informant and undercover officer. Under these circumstances, defendant has no role as an organizer, leader, manager or supervisor. There is no superior vs subordinate relationship between defendant Banks and defendant Woodard.

The government agrees and does not support an upward adjustment, and argues that it is unwarranted under these circumstances. The government agrees that defendant Banks is safety valve eligible, with a total offense level of 21.

Signed by: _Marlene C. Jackson_
(Defendant/Defense Attorney/AUSA)
Date: 1-9-07